UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14-cr-72-NT |
| | ) |
| KHAMPHOU | ) |
| XAYSANASONGKHAM, | ) |
| | ) |
| Defendant, | ) |

**ORDER ON DEFENDANT'S MOTION
FOR REVIEW OF DETENTION ORDER**

On May 15, 2014, the Magistrate Judge entered a Detention Order Pending Trial. (ECF No. 40). On June 4, 2014, the Defendant filed the pending Motion for Review of Detention Order Pending Trial. (ECF No. 55). On June 11, 2014, the Government filed a response in opposition. The Motion was taken under advisement on June 13, 2014. Defendant is entitled to prompt review of the Detention Order. 18 U.S.C. § 3145(b). The Defendant is not offering additional evidence and is not seeking a new hearing. For the reasons set forth below, the Court DENIES the Defendant's motion.

The Magistrate Judge found that there was a serious risk that the Defendant will not appear as directed and concluded that the Government had met its burden of establishing by a preponderance of the evidence that no condition or combination of conditions exist which will reasonably assure the defendant's future court appearances. The Magistrate Judge noted the following:

1

- the Defendant is a citizen of Laos who has been in the United States illegally for the last eight years;
- she fled from Maine to Baltimore prior to her arrest to avoid possible prosecution;
- she is facing a considerable prison term if convicted which is a further incentive for flight;
- she does not speak English and has only attenuated ties to Maine, with the exception of an aunt who testified at the detention hearing and offered to serve as a third-party custodian.

The Magistrate Judge found the aunt unsuitable as a third-party custodian because the Defendant and her aunt have had very little contact with each other over the last eight years and because the Defendant's aunt works long hours as a restaurant owner and would not be able to monitor the Defendant adequately.

Under 18 USC § 3145(b), the Defendant is entitled to de novo review by the District Court of the Magistrate Judge's order of pretrial detention. *See U.S. v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). The Court has reviewed the transcripts of the two witnesses – the Defendant and the Defendant's aunt, Khone Sanasy.[1]

The Defendant argues that her aunt would be an adequate third-party custodian and would notify the probation office if her niece were to leave the aunt's residence. The Defendant asserts that her aunt is a reliable and honest individual, and the Defendant offers to wear an electronic monitoring device. The Defendant also raises the facts that she is unable to speak English and communicate with jail staff and that she has difficulties digesting the jail food as exceptional circumstances why detention is inappropriate. The Defendant also points out that she has no criminal

---

[1] The Defendant identifies the aunt as Kon Sendsy. The Court uses the spelling contained in the transcript.

record and that if acquitted she will have been incarcerated for an "unreasonable and excessive period of time." Def.'s Mot. for Review of Detention Order 2.

The Defendant admitted in her testimony that she ran away (from Maine to Baltimore) because she thought she would be arrested after she learned that an immigration officer had visited her house. The Defendant's testimony was replete with inconsistencies regarding how long she had known her aunt, where they had met, and how they had met. Even setting these inconsistencies aside, the Defendant admitted that she had met her aunt less than ten times since she came to the United States in 2005. The Defendant's aunt confirmed that the two had seen each other infrequently, but she testified that she would be able to control her niece.

The Court agrees with the Magistrate Judge that the evidence does not support the Defendant's claim that the aunt would be an effective third-party custodian. Despite their family connection, there has been no bond established between the aunt and the Defendant. There is no indication in this record that the aunt could deliver on her promise to control the niece who she barely knows. The Defendant already has a track record of fleeing the state to avoid prosecution. Furthermore, the Court is not persuaded that the language barrier and the Defendant's difficulty with the food at the jail are sufficient to establish exceptional circumstances.

Accordingly, for the same reasons cited by the Magistrate Judge, after independent review, the Court reaches the same conclusion as that reached by the Magistrate Judge. The Government has shown by a preponderance of the evidence

that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Detention Order is affirmed.

**SO ORDERED**.

/s/ Nancy Torresen
United States District Judge

Dated this 20th day of June, 2014.